**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY, and<br><br>MARIA SCHEELER, in her capacity as Administrator of the Teamsters Pension Trust of Philadelphia & Vicinity<br>2500 McClellan Avenue, Suite 140<br>Pennsauken, New Jersey 08109,<br><br>Plaintiffs,<br><br>v.<br><br>M. BUONO BEEF CO.,<br>33 Wingstone Lane<br>Devon, PA 19333<br><br>Defendant. | : | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiffs, Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Pension Fund" or "Fund") and Maria Scheeler, in her capacity as the Administrator of the Pension Fund ("Sheeler" and, together with the Fund, "Plaintiffs"), by and through their attorneys, Markowitz & Richman, hereby file this Complaint, and with regard to the Defendant, M. Buono Beef Company ("Buono Beef" or "Defendant"), alleges:

**NATURE OF THE CLAIM**

1. This action is commenced to collect withdrawal liability in the amount of $324,263.20, as determined pursuant to Section 4201 of ERISA, 29 U.S.C. §1381, and other monetary relief pursuant to Sections 502(g)(2) and 4301(b) and (c) of ERISA, 29 U.S.C. §§1132(g)(2) and 1451(b) and (c), incurred by Buono Beef.

2. Buono Beef incurred the aforementioned withdrawal liability when it completely withdrew from the Pension Fund, a multiemployer pension plan.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301(c), 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28 U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States.

4. Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), because Buono Beef's principal place of business was located at 3650 S. 3rd Street, Philadelphia, PA 19148, and its current principal address is located at 33 Wingstone Lane, Devon, PA 19333.

5. In accordance with Section 4301(g) of ERISA, 29 U.S.C. §1451(g), Plaintiffs will serve the Pension Benefits Guaranty Corporation ("PBGC") with a copy of this Complaint.

## PARTIES

6. Plaintiff, Teamsters Pension Trust Fund of Philadelphia and Vicinity, is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3), and an "employee pension benefit plan" within the meaning of Sections 3(2)(A) and (3) of ERISA, 29 U.S.C. §§1002(2)(A) and (3), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries, and subject to the withdrawal liability provisions of ERISA.

7. Plaintiff, Maria Scheeler, is the Administrator of the Teamsters Pension Trust Fund of Philadelphia and Vicinity and a fiduciary of the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. Plaintiff Scheeler administers the Fund at 2500 McClellan Avenue, Suite 140, Pennsauken, NJ 08109.

9. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), the plaintiff is authorized to bring this action on behalf of the Fund, its participants and its beneficiaries.

10. Defendant, Buono Beef, is, and at all times relevant hereto has been, an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), with a principal place of business located at 3650 S. 3rd Street, Philadelphia, PA 19148; and a principal address registered with the Pennsylvania Department of State at 33 Wingstone Lane, Devon, PA 19333.

11. Upon information and belief, no party to this action has filed for protection under the U.S. Bankruptcy Code during the time in which the action arose or thereafter.

## FACTUAL ALLEGATIONS

12. Buono Beef participated in, and contributed to, the Fund pursuant to the terms of a collection bargaining agreement between itself and Teamsters, Local No. 500 (hereinafter "Union"). (A Copy of the Agreement is attached as Exhibit A).

13. Participating employers are bound by the terms of the Fund.

14. On or about December 1, 2025, it was determined by the Fund that Buono Beef had effected a complete withdrawal from the Fund during the 2025 Fund Year, as that phrase is defined in Section 4203(e) of ERISA 29 U.S.C. 1383(a).

15. On December 1, 2025, the Fund, by way of a letter, demanded payment of Buono Beef's withdrawal liability, which was computed as $324,263.20, payable in fifty-two (52)

quarterly installments of $8,111.55, commencing on February 1, 2026, (December 1, 2025 letter attached as Exhibit B).

16. On May 5, 2026, having not received any payment from Buono Beef, the Fund, by way of letter, demanded that Buono Beef make its required payments within sixty (60) days (May 5, 2026 letter attached as Exhibit C).

17. Buono Beef never demanded arbitration or otherwise initiated arbitration procedures within the timeframes established in Section 4221 of ERISA, 29 U.S.C. §1401.

18. Buono Beef failed and/or refused to make its required withdrawal liability payments to the Fund.

19. On July 28, 2026, the Fund, by way of letter, notified Buono Beef that its failure to make timely withdrawal liability payments to the Fund resulted in a default (July 28, 2026 letter attached as Exhibit D).

20. To date, neither Buono Beef nor any affiliated person or entity has made any payments toward the assessed withdrawal liability.

21. The outstanding complete withdrawal liability is $324,263.20.

**COUNT ONE**
**LIABILITY OF BUONO BEEF**

22. Paragraphs 1 through 21 of this Complaint are re-alleged as though fully set forth herein.

23. Buono Beef effectuated a complete withdrawal from the Plan.

24. By its complete withdrawal from the Fund, Buono Beef incurred withdrawal liability in the amount of $324,263.20 pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction over this matter pursuant to 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c);

(b) Enter an Order declaring Buono Beef liable for the assessed withdrawal liability;

(c) Enter an Order for judgment in favor of the Plaintiff Fund and against Buono Beef in an amount equal to the assessed withdrawal liability (i.e., $324,263.20), plus interest and liquidated damages;

(d) Enter an Order directing Buono Beef to pay to Plaintiff all reasonable attorneys' fees, expenses and the costs of research, investigation, initiation, maintenance and prosecution of this claim; and

(e) Award Plaintiffs such other and further relief as may be just, necessary, and proper.

Respectfully submitted,

**MARKOWITZ & RICHMAN**

/s/ Kathleen McPolin
Stephen C. Richman, Esq. (15884)
Richard J. De Fortuna, Esq. (86260)
Kathleen McPolin, Esq. (338328)
123 South Broad Street - Suite 2020
Philadelphia, PA 19109
215-875-3100

*Attorneys for Plaintiffs*

Dated: October 7, 2026